**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **MATTISON ASHER,**<br>**Plaintiff,**<br>**v.**<br>**0XBOW LTD., ZAK COLE, DREW OSUMI, PATRICK MCGOWAN, AND DOES 1-10, INCLUSIVE,**<br>**Defendants.** | **Case No.: 3:25-cv-01057**<br>**Judge Richardson / Frensley**<br>**Jury Demand** |

**INITIAL CASE MANAGEMENT ORDER**

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and each Defendant, and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Nevada and each of the Defendants is a citizen of Tennessee.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Plaintiff Mattison Asher, a cryptocurrency entrepreneur and investor, reached an agreement with the individual defendants to form a company to develop a cryptocurrency privacy and compliance product he conceptualized. The parties agreed that Asher would contribute his ideas, know-how, and strategic direction to the company (which was eventually incorporated as 0xbow Ltd.) in exchange for a 12.3% ownership stake. Asher performed his obligations but was never provided with his ownership share of 0xbow Ltd.

In the alternative, should a binding contract be determined not to exist, Asher contributed his ideas, know-how, time, and effort to 0xbow, and such efforts were indispensable to 0xbow's development of any products. Asher was not compensated for his work or ideas, and seeks recovery

under an unjust enrichment theory.

For Defendants: Defendants deny Plaintiff's claims in their entirety. Specifically, Defendants deny that there was ever an enforceable contract for a 12.3% ownership stake in 0xbow Ltd. or 0xbow Ltd.'s Privacy Pools project, but rather, Plaintiff merely wished to serve as an outside consultant with no equity interest. Additionally, Counter-Plaintiffs claim that Plaintiff/Counter-Defendant is liable for defamation as a result of his defamatory statements drawing false parallels between 0xbow Ltd., its co-founders, and its Privacy Pool tool, and the alleged illicit use of Tornado Cash and the criminal convictions of its co-founders, among other defamatory statements, which has caused Counter-Plaintiffs reputational harm, loss of business opportunities, and other economic harm.

C. ISSUES RESOLVED: The parties do not dispute that the Court has jurisdiction over all parties and that venue is appropriate in this District.

D. ISSUES STILL IN DISPUTE: The parties dispute liability and damages. Defendants have filed a motion to dismiss for failure to state a claim on the basis that Plaintiff did not adequately allege the terms of a binding contract, consideration, or the elements of unjust enrichment. Plaintiff has opposed that motion. Plaintiff also disputes the allegations underlying Defendants Cole and 0xbow's counterclaim for defamation. Plaintiff disputes that the alleged statements are defamatory, to the extent they were made, and further believes that discovery will demonstrate their truthfulness.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **March 6, 2026**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02

through 16.05. By **November 6, 2026**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before October 23, 2026. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than September 1, 2026. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than October 23, 2026. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute

presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **June 1, 2026**, and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The party bearing the burden of proof on each claim or counterclaim shall identify and disclose all expert witnesses and expert reports on or before **December 4, 2026**. The responding party shall identify and disclose all expert witnesses and reports on or before **January 8, 2027**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **February 12, 2027**.

J. TELEPHONE STATUS CONFERENCE: A status conference shall be held telephonically on **September 21, 2026, at 9:00 a. m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than

five (5) minutes, please contact chambers at 615-736-7344.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **March 11, 2027**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

L. ELECTRONIC DISCOVERY: If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last approximately 10 days. A trial date no earlier than **July 27, 2027**, is respectfully requested.[1]

**IT IS SO ORDERED**.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.