IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

**MATTISON ASHER,**

Plaintiff,

v.

**0XBOW LTD., ZAK COLE, DREW OSUMI, PATRICK MCGOWAN, AND DOES 1-10, INCLUSIVE,**

Defendants.

Case No. 3:25-cv-01057

District Judge Eli J. Richardson
Magistrate Judge Jeffrey S. Frensley

**COUNTER-DEFENDANT'S AMENDED ANSWER TO COUNTER-PLAINTIFFS' COUNTERCLAIM**

Counter-Defendant MATTISON ASHER ("Counter-Defendant"), and Pursuant to the Court's July 9, 2026 Order, submits the following Amended Answer to the Counterclaim filed by Counter-Plaintiffs 0XBOW LTD. and ZAK COLE (collectively "Counter-Plaintiffs"). This Amended Answer only amends the Counter-Defendant's Fourteenth Affirmative Defense of mistake.

**THE PARTIES**

1. Counter-Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 1, and on that basis denies them.
2. Counter-Defendant admits on information and belief the allegations in paragraph 2.
3. Counter-Defendant admits the allegations in paragraph 3.

**JURISDICTION AND VENUE**

4. Counter-Defendant admits the Court has jurisdiction over the action.
5. Counter-Defendant admits venue is proper in this District.

**FACTUAL BACKGROUND**

6. Counter-Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6 and on that basis denies them.

7. Counter-Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7 and on that basis denies them.

8. Counter-Defendant admits that Mr. Cole is a co-founder of Oxbow. Counter-Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 8 and on that basis denies them.

9. Counter-Defendant admits that Oxbow is a blockchain privacy company purporting to specialize in DeFi protocols. Counter-Defendant otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9 and on that basis denies them.

10. Counter-Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10 and on that basis denies them.

11. Counter-Defendant admits the existence of the paper described in paragraph 11. Counter-Defendant otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11 and on that basis denies them.

12. Counter-Defendant admits that the article described in paragraph 12 was published and admits that the quoted language appears in the article. Counter-Defendant otherwise denies the allegations in paragraph 12.

13. Counter-Defendant admits that he is a cryptocurrency investor and commentator. Counter-Defendant admits that he met with Cole several times in 2023 to discuss a potential partnership opportunity involving Cole's work on Privacy Pools and a business built around the concept. Counter-Defendant admits that the quoted Telegram messages in paragraph 13 are accurate. Counter-Defendant otherwise denies the allegations in paragraph 13.

14. Counter-Defendant admits that he authored and published an article entitled "Choices" that was posted on Medium.com. Counter-Defendant admits that the quoted language in paragraph 14 appears in the article. Counter-Defendant otherwise denies the allegations in paragraph 14.

15. Counter-Defendant denies the allegations in paragraph 15.

16. Counter-Defendant admits that the language quoted in paragraph 16 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 16.

17. Counter-Defendant admits that the language quoted in paragraph 17 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 17.

18. Counter-Defendant admits that the language quoted in paragraph 18 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 18.

19. Counter-Defendant denies the allegations in paragraph 19.

20. Counter-Defendant denies the allegations in paragraph 20.

21. Counter-Defendant admits that the language quoted in paragraph 21 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 21.

22. Counter-Defendant admits that the language quoted in paragraph 22 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 22.

23. Counter-Defendant admits that the language quoted in paragraph 23 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 23.

24. Counter-Defendant denies the allegations in paragraph 24.

25. Counter-Defendant denies the allegations in paragraph 25.

26. Counter-Defendant admits that the language quoted in paragraph 26 appears in the Medium.com article. Counter-Defendant otherwise denies the allegations in paragraph 26.

27. Counter-Defendant denies the allegations in paragraph 27.

28. Counter-Defendant admits the allegations in paragraph 28.

29. Counter-Defendant denies the allegations in paragraph 29.

## COUNT ONE

**(Defamation)**

30. Counter-Defendant incorporates his responses to paragraphs 1 through 29.

31. Counter-Defendant denies the allegations in paragraph 31.

32. Counter-Defendant denies the allegations in paragraph 32.

33. Counter-Defendant denies the allegations in paragraph 33.

## REQUEST FOR RELIEF

Counter-Defendant denies that Counter-Plaintiffs are entitled to any of the damages or relief alleged or sought.

## AFFIRMATIVE DEFENSES

For further and separate affirmative defenses to each purported cause of action in the complaint, Counter-Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Truth)

Any allegedly defamatory statements made by Counter-Defendant which was of and concerning Counter-Plaintiffs were true or substantially true, or were matters of opinion and were, therefore, absolutely privileged under the First and Fourteenth Amendments to the United States Constitution and by the Tennessee State Constitution.

### SECOND AFFIRMATIVE DEFENSE

(Public Interest)

Any allegedly defamatory statements made by Counter-Defendant of and concerning Counter-Plaintiffs were within the sphere of legitimate public interest and concern and were reasonably related to matters warranting public exposition.

### THIRD AFFIRMATIVE DEFENSE

(Lack of Knowledge)

Any allegedly defamatory statements made by Counter-Defendant of and concerning Counter-Plaintiffs were not made with knowledge of their falsity or with a reckless disregard of their falsity.

### FOURTH AFFIRMATIVE DEFENSE

(Qualified Privilege)

Any allegedly defamatory statements made by Counter-Defendant of and concerning Counter-Plaintiffs were qualifiedly privileged.

**FIFTH AFFIRMATIVE DEFENSE**

(Absolute Privilege)

Any allegedly defamatory statements made by Counter-Defendant of and concerning Counter-Plaintiffs were absolutely privileged.

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Malice)

Counter-Plaintiffs will not be able to establish that Counter-Defendant acted with either: (a) common law malice; or (b) knowledge of the falsity of the statements allegedly made or a reckless disregard of the falsity of the statements allegedly made.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

The Counterclaim, and each purported cause of action contained therein, fails to state facts sufficient to constitute a viable cause of action against Counter-Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Counterclaim, and each purported cause of action therein, is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Counterclaim, and each purported cause of action therein, is barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

(Laches)

The Counterclaim, and each purported cause of action therein, is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

Counter-Plaintiffs, by their words and conduct, are estopped from alleging each cause of action set forth in the Counterclaim.

**TWELFTH AFFIRMATIVE DEFENSE**

(Waiver)

Counter-Plaintiffs, by their words and conduct, have waived the claims in the Counterclaim, and each cause of action stated therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Set-Off)

Should Counter-Plaintiffs recover from Counter-Defendant, then Counter-Defendant is entitled to a set-off of any amounts found owing against sums owed by Counter-Plaintiffs to Counter-Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Mistake)

1. To the extent any factual assertion in the article entitled "Choices," published on Medium.com (the "Article"), is found to be inaccurate, any such inaccuracy was the product of Counter-Defendant's own good-faith mistake in interpreting, analyzing, or reporting information derived from publicly available sources, not a knowing or reckless publication of false statements.
2. The Article was based almost entirely on publicly available sources, including: timestamped YouTube videos of Counter-Plaintiffs' own officers and representatives; Counter-Plaintiffs' public GitHub repositories; the FinCEN MSB Registrant Search database; the NMLS Consumer Access licensing database; Counter-Plaintiffs' published privacy policy, terms of use, and technical documentation; Counter-Plaintiffs' own tweets from the @0xbowio and @0xprivacypools accounts; Executive Order 13599; Elliptic's published content; and Counter-Plaintiffs' own pitch deck materials and presentation slides.
3. The circumstances of any such mistake demonstrate good faith and negate the element of actual malice required to sustain Counter-Plaintiffs' defamation claim. Specifically:

(a) At the time of publishing, Counter-Defendant expressly disclaimed legal and technical expertise throughout the Article, stating, among other things, "Mattison Asher is not a lawyer" and "Mattison Asher is not a developer," placing readers on notice that the Article reflected a layperson's analysis of publicly available information;

(b) Counter-Defendant used cautionary and qualifying language throughout the Article, including the word "potentially" and similar hedging language, to distinguish verified facts from analysis and open questions, reflecting a good-faith effort to accurately characterize the limits of his knowledge;

(c) The Article published a correction and addendum when Counter-Defendant identified an error regarding the date and nature of 0xbow's FinCEN MSB registration, further demonstrating a good-faith commitment to accuracy rather than reckless disregard for the truth; and

(d) Where the Article reported statements made by Counter-Plaintiffs' own officers, it cited specific timestamps, source URLs, and publicly accessible records, enabling independent verification.

4. Counter-Plaintiffs' defamation claim is premised on the intentional publication of false statements of fact. The Counterclaim, and each purported cause of action therein, is barred by mistake because, to the extent any statement is shown to be inaccurate, the foregoing circumstances establish that any such inaccuracy was an honest error derived from Counter-Defendant's good-faith reliance on public sources, the opposite of the knowing falsity or reckless disregard that Counter-Plaintiffs must prove.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Counter-Plaintiffs failed to mitigate their damages, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Justification)

The Counterclaim is barred because Counter-Defendant acted reasonably, with justification and in good faith, based upon all known relevant facts and circumstances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

Defendant lacks sufficient knowledge or information upon which to form a belief as to whether there are additional, as yet unstated, affirmative defenses available, and Defendant thus reserves the right to assert such additional affirmative defenses if they are discovered and deemed proper.

WHEREFORE, Counter-Defendant requests that judgment be entered as follows:

1. That Counter-Plaintiffs take nothing by way of their Counterclaim;
2. That judgment be entered in favor of Counter-Defendant;
3. For costs of suit incurred in defense of the action;
4. For recovery of attorneys' fees expended in the defense of the action; and
5. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Counter-Defendant demands a jury trial on all issues triable.

Dated: July 30, 2026

Respectfully submitted,
**FREEMAN & FUSON**

**/s/ Mark T. Freeman**
Mark T. Freeman, Esq. (#16098)
2126 21st Avenue South
Nashville, Tennessee 37212
mark@freemanfuson.com
Phone: (615) 298-7272
Fax: (615) 298-7274
Attorney for Plaintiff/Counter-Defendant Mattison Asher

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, a true and correct copy of the foregoing was served upon all counsel of record by electronic mail.

Brian F. Walthart
Lewis Brisbois Bisgaard & Smith, LLP
1222 Demonbreun Street, Suite 1801
Nashville, Tennessee 37203
brian.walthart@lewisbrisbois.com

Ishmael Green
Lauren May Eaton
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
igreen@bochner.law
meaton@bochner.law

Attorneys for Defendants/Counter-Plaintiffs

**/s/ Mark T. Freeman**
Mark T. Freeman