MOTION GRANTED. The Clerk of Court is directed to file the Second Amended Answer (Docket No. 50-1).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**MATTISON ASHER,**

Plaintiff,

v.

**0XBOW LTD., ZAK COLE, DREW OSUMI, PATRICK MCGOWAN, AND DOES 1-10, INCLUSIVE,**

Defendants.

Case No. 3:25-cv-01057

District Judge Eli J. Richardson
Magistrate Judge Jeffrey S. Frensley

**CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER TO COUNTER-PLAINTIFFS' COUNTERCLAIM AND TO MODIFY THE INITIAL CASE MANAGEMENT ORDER**

Counter-Defendant MATTISON ASHER ("Counter-Defendant"), by and through undersigned counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2) for leave to file a Second Amended Answer to the Counterclaim filed by Counter-Plaintiffs 0XBOW LTD. and ZAK COLE (collectively, "Counter-Plaintiffs"), and for a limited modification of the June 1, 2026 pleading-amendment deadline in the Initial Case Management Order (Doc. 28). The proposed Second Amended Answer is attached as **Exhibit A**.

1. Counter-Defendant filed his original Answer to Counter-Plaintiffs' Counterclaim on January 9, 2026. (Doc. 24).

2. The Initial Case Management Order entered January 27, 2026 set June 1, 2026 as the deadline for motions to amend pleadings or add parties. (Doc. 28, Section H). Section M permits modification of a case-management deadline upon a showing of good cause under Rule 16(b)(4).

3. Undersigned counsel entered an appearance on February 17, 2026, after the original Answer had been prepared and filed by prior counsel and while Counter-Plaintiffs' Motion to Strike portions of that Answer was pending.

4. On July 9, 2026, after the June 1 amendment deadline, the Court denied Counter-Plaintiffs' Motion to Strike but expressly permitted Counter-Defendant to amend the Fourteenth Affirmative Defense of mistake by July 30, 2026. (Doc. 47).

5. On July 30, 2026, Counter-Defendant filed his First Amended Answer to Counterclaim. (Doc. 48). Consistent with Doc. 47, that filing amended the Fourteenth Affirmative Defense and did not change the remaining responses in the Answer.

6. In preparing Doc. 48 and the parties' written discovery, current counsel and Counter-Defendant conducted a more detailed review of the Counterclaim, the prior Answer, the parties' communications, and other case materials. That review identified responses that should be corrected or particularized so the operative Answer accurately states Counter-Defendant's factual position.

7. The proposed Second Amended Answer revises the responses to paragraphs 1, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 20, 21, 25, and 27 of the Counterclaim. It does not add any claim, counterclaim, party, affirmative defense, or new theory of recovery. No request for relief or jury demand is changed, and the Fourteenth Affirmative Defense remains as pleaded in Doc. 48.

8. Counter-Defendant requests modification only of the June 1, 2026 deadline for motions to amend pleadings, and only to permit filing of the proposed Second Amended Answer. No other deadline, conference, or trial setting is requested to be modified.

## CASE MANAGEMENT SCHEDULE

9. Section M of the Initial Case Management Order requires a motion to modify a case-management deadline to state the trial date and all deadlines, including unaffected and expired deadlines. The complete schedule is: initial disclosures were due March 6, 2026; motions to amend pleadings or add parties were due June 1, 2026; written discovery must

be served by September 1, 2026; the telephonic status conference is September 21, 2026 at 9:00 a.m.; all written discovery and fact depositions must be completed by October 23, 2026; all discovery motions must be filed by October 23, 2026; the joint case-resolution report is due November 6, 2026; affirmative expert disclosures and reports are due December 4, 2026; responsive expert disclosures and reports are due January 8, 2027; expert depositions must be completed by February 12, 2027; dispositive motions are due March 11, 2027; responses to dispositive motions are due within twenty-eight (28) days after filing of the motion; optional replies are due within fourteen (14) days after filing of the response; the proposed pretrial order, exhibit lists, and witness lists are due July 12, 2027; the pretrial conference is July 19, 2027 at 8:30 a.m.; and jury trial is set for July 27, 2027 at 9:00 a.m. and is expected to last approximately ten (10) days.

10. The requested modification remains consistent with Local Rule 16.01(h)(1). If a dispositive motion is filed on March 11, 2027, the response would be due April 8, 2027 and an optional reply would be due April 22, 2027, more than ninety (90) days before the July 27, 2027 trial date.

11. Section M also directs that a motion to modify a case-management deadline be filed at least seven (7) days before the earliest impacted deadline. The only deadline to be modified is June 1, 2026. Because that deadline had already expired before the need for the additional amendments was identified, Counter-Defendant could not file this Motion seven days before the impacted deadline. Counter-Defendant seeks relief promptly after identifying the need for the proposed corrections.

12. Consistent with Section M, undersigned counsel discussed the requested amendment and limited modification with counsel for Counter-Plaintiffs and Counter-Plaintiffs do not oppose this request.

WHEREFORE, Counter-Defendant respectfully requests that the Court find good cause under Rule 16(b)(4), modify the June 1, 2026 pleading-amendment deadline solely for this limited purpose, grant leave under Rule 15(a)(2), and permit Counter-Defendant to file the proposed Second Amended Answer attached as **Exhibit A**.

Respectfully submitted,

**FREEMAN & FUSON**

**/s/ Mark T. Freeman**
Mark T. Freeman, Esq. (BPR #16098)
2126 21st Avenue South
Nashville, Tennessee 37212
Phone: (615) 298-7272
Fax: (615) 298-7274
mark@freemanfuson.com
Attorney for Plaintiff/Counter-Defendant
Mattison Asher

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, a true and correct copy of the foregoing was served upon all counsel of record through the Court's electronic filing system and by electronic mail to:

Brian F. Walthart
Lewis Brisbois Bisgaard & Smith, LLP
1222 Demonbreun Street, Suite 1801
Nashville, Tennessee 37203
brian.walthart@lewisbrisbois.com

Ishmael Green
Lauren May Eaton
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
igreen@bochner.law
meaton@bochner.law
Attorneys for Defendants/Counter-Plaintiffs

/s/ Mark T. Freeman
Mark T. Freeman