**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**MATTISON ASHER,**

Plaintiff/Counter-Defendant,

v.

**0XBOW LTD., ZAK COLE, DREW OSUMI, PATRICK MCGOWAN, AND DOES 1-10, INCLUSIVE,**

Defendants/Counter-Plaintiffs.

Case No. 3:25-cv-01057

District Judge Eli J. Richardson
Magistrate Judge Jeffery S. Frensley

# PLAINTIFF/COUNTER DEFENDANT'S REQUEST FOR EXPEDITED DISCOVERY CONFERENCE REGARDING DEFENDANTS' RULE 45 SUBPOENA TO A MEDIUM CORPORATION

Pursuant to Section G of the Initial Case Management Order (ECF No. 28), Plaintiff and Counter-Defendant Mattison Asher respectfully requests a discovery conference with the Magistrate Judge regarding the Rule 45 Subpoena issued by Defendants to A Medium Corporation d/b/a Medium, dated August 28, 2026 and served on Medium on September 1, 2026 (the "Subpoena"). In support, Plaintiff states:

1. The Subpoena commands production by September 18, 2026 at 5:00 p.m. EDT. Requests Nos. 3 and 4 seek every unpublished draft, autosaved, reverted, deleted, and restored version of Plaintiff's Medium article titled "Choices," together with its complete revision-history and activity-log metadata. Requests Nos. 1 and 5 overlap with those requests.
2. Plaintiff served written objections on Defendants on September 10, 2026, asserting First Amendment editorial-process protection, duplication of party discovery (Defendants' Request for Production No. 14), and overbreadth under Rule 26(b)(1), and requested that

Defendants withdraw or narrow the Subpoena to records sufficient to authenticate the published Article, its publication date, the published correction, and the account that published it.

3. Medium has also independently objected to the Subpoena's requests for drafts and revision-history materials on Rule 45 burden grounds. Medium's independent objection further underscores the need for the Court to address the scope of the disputed requests before the September 18, 2026 compliance date.
4. Defendants did not withdraw or narrow the Subpoena. On September 11, 2026, Plaintiff and lead counsel for Defendants held a telephonic discussion as required by Section G and made a good-faith effort to resolve the dispute. The dispute was not resolved.
5. Because the compliance date is September 18, 2026, Plaintiff requests that the conference be set at the Court's earliest availability before that date. In the alternative, Plaintiff requests that the Court direct that Medium's compliance date be held in abeyance pending the conference.
6. Plaintiff provided Defendants' counsel with a draft Joint Discovery Dispute Statement and requested Defendants' position for inclusion. Defendants did not submit their portion before filing. Accordingly, Plaintiff is filing his Proposed Joint Discovery Dispute Statement contemporaneously with this Request for Expedited Discovery Conference.
7. Plaintiff is prepared to file a motion to quash or for a protective order under Rules 45(d)(3) and 26(c) if the Court permits.

**WHEREFORE**, Plaintiff respectfully requests that the Court set an expedited discovery conference regarding the Subpoena before September 18, 2026, or in the alternative hold the Subpoena's compliance date in abeyance pending the conference.

Respectfully submitted,

**FREEMAN & FUSON**

**/s/ Mark T. Freeman**
Mark T. Freeman, Esq. (BPR #16098)
2126 21st Avenue South
Nashville, Tennessee 37212
mark@freemanfuson.com
Phone: (615) 298-7272
Fax: (615) 298-7274
*Attorney for Plaintiff/Counter-Defendant*
Mattison Asher

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, a true and correct copy of the foregoing was served upon all counsel of record by electronic mail.

Brian F. Walthart
Lewis Brisbois Bisgaard & Smith, LLP
1222 Demonbreun Street, Suite 1801
Nashville, Tennessee 37203
brian.walthart@lewisbrisbois.com

Ishmael Green
Lauren May Eaton
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
igreen@bochner.law
meaton@bochner.law
Attorneys for Defendants/Counter-Plaintiffs

**/s/ Mark T. Freeman**
Mark T. Freeman, Esq.