IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MATTISON ASHER,**

Plaintiff/Counter-Defendant,

v.

**0XBOW LTD., ZAK COLE, DREW OSUMI, PATRICK MCGOWAN, AND DOES 1-10, INCLUSIVE,**

Defendants/Counter-Plaintiffs.

Case No. 3:25-cv-01057

District Judge Eli J. Richardson
Magistrate Judge Jeffery S. Frensley

---

## PLAINTIFF'S PROPOSED JOINT DISCOVERY DISPUTE STATEMENT[1]

---

As provided for by Local Rules 7.01 and 37.01 and Section G of the Initial Case Management Order (ECF No. 28), Plaintiff/Counter-Defendant Mattison Asher ("Plaintiff" or "Asher") and Defendants/Counter-Plaintiffs 0xbow Ltd., Zak Cole, Drew Osumi, and Patrick McGowan ("Defendants") respectfully submit this Joint Discovery Dispute Statement concerning the Rule 45 Subpoena to Produce Documents, Information, or Objects issued by Defendants to A Medium Corporation d/b/a Medium ("Medium"), dated August 28, 2026 and served on Medium on September 1, 2026, with a compliance date of September 18, 2026, at 5:00 p.m. EDT (the "Subpoena"). Each of the parties' respective positions regarding the dispute is set forth below. A copy of the Subpoena is attached as Exhibit A.

[1] Plaintiff provided Defendants with a draft Joint Discovery Dispute Statement and requested that Defendants provide their position for inclusion. Due to the expedited nature of the dispute and the September 18, 2026 compliance date, Plaintiff is filing this Proposed Joint Discovery Dispute Statement after Defendants did not submit their portion before filing. Plaintiff has included a brief statement of Defendants' position based on the parties' prior communications. Defendants may supplement or clarify their position as they deem appropriate.

## GOOD FAITH CONFERRAL

Plaintiff timely served objections to the Subpoena on September 10, 2026, and requested that Defendants withdraw or narrow Requests Nos. 1, 3, 4, and 5. Counsel for the parties thereafter conferred by telephone on September 11, 2026, regarding Plaintiff's objections and made a good-faith effort to resolve the dispute. Plaintiff requested that Defendants limit the Subpoena to information concerning the Article as actually published and subsequently corrected, rather than unpublished drafts and the Article's complete internal revision history. Defendants declined to withdraw or sufficiently narrow the disputed requests. Accordingly, the parties were unable to resolve the dispute.

## PLAINTIFF'S POSITION

Defendants issued the Subpoena to Medium seeking information and documents concerning Plaintiff's Medium article titled "Choices" (the "Article"). Plaintiff objects to Requests Nos. 1, 3, 4, and 5 because, as drafted, those requests extend well beyond the statements Plaintiff actually published and instead seek whatever internal drafting or editorial material may exist.

Request No. 1 seeks records concerning the complete lifecycle and current status of the Article, including when versions were created, saved, published, modified, corrected, unpublished, deleted, removed, restricted, restored, or otherwise made unavailable. Request No. 3 seeks every unpublished version of the Article retained or recoverable by Medium, including drafts, autosaved or saved versions, revised versions, reverted versions, deleted versions, and restored versions. Request No. 4 seeks the Article's complete revision-history and activity-log metadata. Request No. 5 seeks information concerning the February 3, 2026 correction to the

Article, subsequent modifications to that correction, and the continued availability of the original language.

Plaintiff does not dispute that Defendants may seek appropriate discovery concerning statements that Plaintiff actually published. Plaintiff objects, however, to Defendants' demand for any unpublished draft, intermediate revision, deleted version, reverted version, and associated activity log concerning the Article.

First, the disputed requests intrude upon Plaintiff's protected editorial process. The Supreme Court has held that editorial control and judgment over what to publish is a "crucial process" protected by the First Amendment. *Miami Herald Publishing Co. v. Tornillo*, 418 U.S. 241, 258 (1974). The choice of material to include or exclude from a publication and the treatment of published material constitute the "exercise of editorial control and judgment" that the First Amendment protects from governmental compulsion. *Id.* at 258. Requests Nos. 3 and 4 do not merely seek the Article as it appeared to the public. They seek the internal process through which Plaintiff might have drafted, revised, deleted, restored, and ultimately chosen what to publish. Compelled disclosure of any unpublished draft, reverted version, deleted version, and internal revision record therefore implicates the editorial process recognized in *Tornillo*.

Second, the Subpoena overlaps with discovery Defendants already served directly on Plaintiff. Defendants' Request for Production No. 14 in their First Set of Requests for Production asked Plaintiff himself for drafts, revisions, versions, and editorial history concerning the Article. Defendants now ask a nonparty for material of similar description.

Third, Requests Nos. 3 and 4 are overbroad and disproportionate to the needs of the case. Federal Rule of Civil Procedure 26(b)(1) limits discovery to nonprivileged matter that is relevant

to a party's claim or defense and proportional to the needs of the case, considering, among other things, "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The scope of discovery available through a Rule 45 subpoena is likewise constrained by Rule 26(b)(1), and a party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a nonparty. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 632 (E.D. Mich. 2021) (citing *In re Subpoena of Ctr. for Mil. Readiness*, No. MC 18-51013, 2018 WL 6722247, at *4 (E.D. Mich. Nov. 6, 2018), adopted, 2019 WL 4733602 (E.D. Mich. Sept. 28, 2019)); see also Fed. R. Civ. P. 45(d)(1).

On a timely motion, the Court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The Sixth Circuit assesses undue burden by weighing "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed," and the subpoena recipient's nonparty status is itself a relevant consideration. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

Medium itself has independently objected to the Subpoena's demands for drafts and revision-history materials on Rule 45 burden grounds. Medium's independent objection further supports Plaintiff's position that the burden imposed by Requests Nos. 3 and 4 warrants consideration under Rule 45's protections for nonparties.

Those considerations weigh against the breadth of the Subpoena here. Requests Nos. 3 and 4 seek every intermediate, autosaved, deleted, reverted, or restored version of the Article and every associated activity log. They are not limited to statements actually published, the February

3, 2026 correction, or any particular revision Defendants have identified as relevant to a claim or defense. Instead, they seek whatever internal drafting or revision history may exist.

Relevance alone does not end the inquiry; discovery must remain proportional to the needs of the case. *Waskul*, 569 F. Supp. 3d at 632. Considering the breadth of the requests, Defendants' actual need for unpublished material, the availability of discovery from Plaintiff directly, and Medium's status as a nonparty, Plaintiff submits that Requests Nos. 3 and 4 are disproportionate and impose an unnecessary burden beyond what is required to obtain relevant information concerning the Article.

Plaintiff has proposed a narrower alternative that would provide Defendants with the relevant published information without requiring disclosure of any internal editorial material. Specifically, Plaintiff proposes that the Subpoena be limited to: (1) the published version of the Article as it appeared on or about October 1, 2025; (2) the published correction labeled "Correction (February 3, 2026)"; (3) the original publication date and the date on which the published correction first appeared; and (4) confirmation that Plaintiff's Medium account was the account that published the Article.

Accordingly, Plaintiff respectfully requests that the Court quash or modify Requests Nos. 1, 3, 4, and 5. In the alternative, Plaintiff requests that the Court enter a protective order under Rule 26(c) limiting the Subpoena to the published materials and identifying information described above. Such relief would permit Defendants to obtain discovery concerning what Plaintiff actually published while protecting against compelled disclosure of any unpublished draft or internal editorial record associated with the Article.

**DEFENDANTS' POSITION**

*Due to the expedited nature of this discovery dispute and the September 18, 2026 compliance date, Plaintiff is filing this Proposed Joint Discovery Dispute Statement before receiving Defendants' completed portion. Defendants did not submit their portion before filing. Based on the parties' prior communications, Plaintiff understands Defendants' position to include the following:*

*"With respect to over breadth claims, we disagree and case law is fairly consistent with respect to the fact that a non-part subpoena can't be objected to by a party of record on the basis of over breadth"*

*Defendants may supplement or clarify their position as they deem appropriate.*

Pursuant to Section G of the Initial Case Management Order, Plaintiff adopts the Plaintiff's Position section of this Joint Discovery Dispute Statement as his memorandum of law for purposes of Local Rule 7.01(a)(2)

Respectfully submitted,

**FREEMAN & FUSON**

**/s/ Mark T. Freeman**
Mark T. Freeman, Esq. (BPR #16098)
2126 21st Avenue South
Nashville, Tennessee 37212
mark@freemanfuson.com
Phone: (615) 298-7272
Fax: (615) 298-7274
*Attorney for Plaintiff/Counter-Defendant*
Mattison Asher

**EXHIBITS**

- **Exhibit A:** Rule 45 Subpoena to A Medium Corporation dated August 28, 2026, with Attachment A (Requests Nos. 1-6).

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, a true and correct copy of the foregoing was served upon all counsel of record by electronic mail.

Brian F. Walthart
Lewis Brisbois Bisgaard & Smith, LLP
1222 Demonbreun Street, Suite 1801
Nashville, Tennessee 37203
brian.walthart@lewisbrisbois.com

Ishmael Green
Lauren May Eaton
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
igreen@bochner.law
meaton@bochner.law
Attorneys for Defendants/Counter-Plaintiffs

**/s/ Mark T. Freeman**
Mark T. Freeman, Esq.