Proposed Joint Discovery Dispute Statement

# EXHIBIT A

(Subpoena to A Medium Corporation)

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | | |
|---|---|---|
| MATTISON ASHER<br>*Plaintiff*<br>v.<br>0XBOW LTD., et al.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 3:25-cv-01057 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: A Medium Corporation d/b/a Medium
3500 South DuPont Highway, Suite IQ-101, Dover, Delaware 19901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: A Medium Corporation<br>548 Market Street, PMB 42061<br>San Francisco, CA 94104 | Date and Time:<br>Sept. 18, 2026, 5:00 p.m. EDT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/28/2026

*CLERK OF COURT*

OR

_________________________ /s/ L. May Eaton

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Oxbow Ltd., Zak Cole, Drew Osumi, and Patrick McGowan, who issues or requests this subpoena, are:

May Eaton, Bochner PLLC, 1040 Avenue of the Americas, 15th Floor, New York, NY 10018, meaton@bochner.law, (646) 971-0685

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-cv-01057

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**
**TO DOCUMENT SUBPOENA**

## DEFINITIONS

Unless otherwise specified, the following definitions apply to these document requests:

1. **"Medium"** means A Medium Corporation and its subsidiaries, affiliates, divisions, business units, predecessors, successors, officers, directors, employees, agents, representatives, and any other person acting on its behalf.

2. **"Article"** means the Medium story titled "Choices," attributed to Mattison Asher, first published on or about October 1, 2025, at https://medium.com/@mattison1/choices-cb3dd2408a85, including story identifier cb3dd2408a85 and every version of that story, whether published or unpublished, including drafts, autosaves, revisions, corrected versions, reverted versions, deleted versions, and restored versions.

3. **"Asher Account"** means the Medium account using the username @mattison1 and profile URL https://medium.com/@mattison1.

## INSTRUCTIONS

1. Unless a request states otherwise, the relevant period is October 1, 2025 through the date of production. For creation, publication, and revision metadata, the relevant period begins when the Article was first created on Medium and continues through the date of production.

2. Produce records as they are kept in the ordinary course of business or organize and label them to correspond to the numbered requests.

3. Produce analytics, logs, and structured data in a reasonably usable native export such as CSV, XLSX, or JSON. Produce the Article in HTML, PDF, or another reasonably usable format

together with available system metadata. Preserve original timestamps, field names, and Article identifiers.

4. For each timestamp, state the time zone or produce it in Coordinated Universal Time (UTC). Do not round or truncate timestamps if greater precision is maintained in the ordinary course.

5. If any responsive information is no longer available because of deletion, expiration, or a retention policy, identify the category of information, the approximate date it became unavailable, and the applicable retention period or reason, if known.

6. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of each request all responsive information that might otherwise fall outside its scope. "Including" means including, but not limited to. The use of present tense includes past tense and vice versa.

7. Production may be made by electronic transfer to Bochner PLLC at meaton@bochner.law. Please contact counsel at meaton@bochner.law before the compliance date if Medium believes a request is unclear, unduly burdensome, or seeks material protected from disclosure, so the parties may attempt to narrow or resolve the issue.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Records sufficient to identify the Article and to show the Article's lifecycle and current status, including when each version was created, saved, published, modified, corrected, unpublished, deleted, removed, restricted, restored, or otherwise made unavailable, and whether and when the Article was subject to a paywall, membership requirement, or other access restriction.

**REQUEST FOR PRODUCTION NO. 2:**

Records sufficient to identify each person and Medium account, including the Asher Account, that created, authored, edited, revised, or published the Article or any version of the Article, including the name, username, profile URL, account identifier, and email address associated with each such account.

**REQUEST FOR PRODUCTION NO. 3:**

Each version of the Article retained or recoverable by Medium, including drafts, autosaved or saved versions, the version first published on or about October 1, 2025, the version displaying the correction labeled "Correction (February 3, 2026)," and any unpublished, revised, reverted, deleted, or restored version.

**REQUEST FOR PRODUCTION NO. 4:**

Revision-history or activity-log metadata for the Article, including the date and time of each saved, published, updated, restored, or reverted revision; the type of action taken; and the account or publication identifier associated with the action.

**REQUEST FOR PRODUCTION NO. 5:**

Records sufficient to show (a) the date and time when the correction labeled "Correction (February 3, 2026)" was first added to the publicly accessible Article; (b) the date and time of each subsequent modification to that correction; and (c) whether the original language addressed by the correction remained publicly accessible after the correction was added and, if so, when it ceased to be publicly accessible.

**REQUEST FOR PRODUCTION NO. 6:**

Records sufficient to show the Article's reach and engagement from the date of publication through the date of production, including total and unique presentations, views, and reads, and aggregate engagement with the Article.

## REQUEST FOR AUTHENTICATION

Please produce a qualified custodian declaration satisfying Federal Rules of Evidence 803(6) and 902(11) or identify a witness who can authenticate the production.